IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON J. KING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:21-cv-00281 ) |
| SGT. JENNIFER LANE, et al., | ) JUDGE RICHARDSON ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

On April 7, 2021, Brandon King, an inmate in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee, filed a pro se civil rights complaint (Doc. No. 1) and an application to proceed in district court without prepaying fees and costs ("IFP application") (Doc. No. 2).

By Order entered May 20, 2021, the Court found that the IFP application was deficient and that Plaintiff had failed to notify the Court of an apparent change of address occasioned by his release from DCSO custody. (Doc. No. 4.) The Court therefore ordered Plaintiff to show cause within 30 days why this action should not be dismissed for failure to demonstrate his entitlement to pauper status or to keep the Court apprised of his current address. (*Id.*)

On July 1, 2021, shortly after Plaintiff's 30-day deadline to show cause had expired, he filed a pro se document that reiterated the allegations of his complaint but did not respond to the Court's Order to show cause. (Doc. No. 6.) Based on that filing, the Court gave Plaintiff one final chance to cure the deficiency in his IFP application, ordering him to file his inmate trust fund account documentation or pay the full filing fee within 15 days. (Doc. No. 5.) The Court cautioned

Plaintiff that failure to comply with the Order within the time specified, or to seek an extension of his deadline before it expires, would result in the dismissal of this action. (*Id.* at 3.)

Plaintiff has not filed anything further in this case, and his 15-day deadline has now expired. Dismissal of this action is appropriate in view of Plaintiff's fault in failing to comply with the Court's Order despite having been warned that such failure could lead to dismissal, *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Due to Plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the Court's Order.

The filing fee is nevertheless to be assessed against the prisoner in this circumstance. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) ("If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees."). Accordingly, the entire $402 fee is hereby **ASSESSED**, as follows:

The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of

the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $402 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE